THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. DORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 06-3460-CV-S-FJG-SSA |
| MICHAEL J. ASTRUE[1], | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., in which plaintiff requested review of the Commissioner's decision denying his application for disability benefits. Plaintiff's claims were denied initially. On May 19, 2006, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability," as defined in the Act. On September 21, 2006, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's motion for judgment. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial

---

[1]Michael J. Astrue was sworn in as Commissioner of the Social Security Administration on February 12, 2007.

review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more than a mere scintilla but less than a preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted. The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected

2

to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

Plaintiff contends that the ALJ committed the following errors in rendering his decision: (1) failing to find that plaintiff's mental retardation met the requirements of Section 12.05C; (2) failing to assess properly plaintiff's RFC; and (3) failing to find plaintiff's testimony credible under 20 C.F.R § 404.1529 and Polaski v. Heckler.

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the additional medical and documentary evidence. In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision. Specifically, the Court finds the ALJ erred in (1) failing to consider plaintiff's IQ and the effect that his IQ may have on his RFC; (2) failing to consider plaintiff's subjective allegations of pain in relation to the factors listed in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984); (3) failing to consider the factors in 20 C.F.R. § 404.1527(d) when the ALJ decided to not to give controlling weight to plaintiff's treating sources; (4) failing to perform a "function-by-function" analysis before determining plaintiff's exertional levels when the ALJ determined plaintiff's RFC[2]; (5) failing to support his finding on step three of the evaluation that plaintiff's impairments did not equal or meet the requirements for listing

---

[2]The Court takes note that "an SSI claimant need not prove that [he] is bedridden or completely helpless to be found disabled and the fact that claimant cooks and cleans for [him]self, shops for groceries, does laundry, visits friends, attends church, and goes fishing does not in and of itself constitute substantial evidence that a claimant possesses the residual functional capacity to engage in substantial gainful activity." See Cline v. Sullivan, 939 F.2d 560, 566 (8th Cir. 1991) citations omitted.

12.05C, mental retardation[3]; and (6) failing to indicate whether the special procedures for assessing mental impairments were followed pursuant to 20 C.F.R. § 404.1520a (e.g. the standard document, the Psychiatric Review Technique Form, was not appended to the ALJ's decision and the written decision did not incorporate the pertinent findings and conclusions based on the technique).

Plaintiff asks that the Court reverse this decision or in the alternative reverse and remand for the ALJ to give proper weight to plaintiff's treating sources and that all of the severe impairments are appropriately considered. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate the above-mentioned errors.

Therefore, for the foregoing reasons, it is **ORDERED** that plaintiff's motion for summary judgment (Doc. No. 12) is **GRANTED.** The decision of the Secretary is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

Date:  8/30/07         **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               Chief United States District Judge

---

[3]The Court finds there is evidence on the record that plaintiff meets the first prong of 12.05C as at least two consultative examinations found plaintiff's IQ level to be within the range (e.g. Dr. Bender reported plaintiff had a verbal IQ of 68 and Dr. Lutz reported a full scale IQ of 69 and a verbal IQ of 70). However, the ALJ did not discuss why plaintiff failed to meet the first prong. Upon remand, in examining whether plaintiff satisfies the second prong of Section 12.05C, the ALJ must determine whether the claimant's other physical or additional mental impairments, such as his personality disorder, dysthymic disorder, or vision loss, has a "more than slight or minimal" effect on his ability to perform basic work activities. See Cook v. Bowen, 797 F.2d 687, 690 (8th Cir. 1986) citations omitted.